IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**GEORGE PACKING CO., INC.,**
an Oregon corporation,                                   3:10-CV-1055-PK

      **Plaintiff,**                                                    ORDER

v.

**FMC TECHNOLOGIES, INC.,**
a foreign corporation,

      **Defendants.**

**BROWN, Judge.**

    Magistrate Judge Paul Papak issued Findings and Recommendation (#72) on September 20, 2011, in which he recommends this Court deny the Motion (#28) of Defendant John Bean Technologies Corporation to Dismiss Plaintiff's Second and Third Claims for Relief (which ultimately was briefed and argued as a Motion for Partial Summary Judgment) and grant in part and deny in part the Plaintiff's Motion (#65) for Partial Summary

1 - ORDER

Judgment.  Defendant filed timely Objections (#75) to the Findings and Recommendation in which it contends the Court should not grant any part of Plaintiff's Motion for Partial Summary Judgment as recommended and should "instead grant partial summary judgment" in Defendant's favor contrary to the Magistrate Judge's recommendation.  Plaintiff timely filed its Response to Objections (#76). The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1).  *See also United States v.* Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*); United *States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988).  This Court has carefully considered Defendant's Objections and has reviewed the pertinent portions of the record *de novo*.  With one exception as noted below, the Court concludes Defendant's Objections do not provide a basis to modify the Findings and Recommendation.

Because the record reflects a clear conflict between the alleged oral warranties on which Plaintiff relies and the written, express disclaimers of such warranties on which Defendant relies, the Court concludes this conflict sufficiently reflects a disputed issue of material fact as to the core terms

of the initial lease with FTI that cannot be resolved conclusively on this record. The Court reaches this conclusion despite the fact that Defendant inexplicably failed to offer any specific evidence in opposition to Plaintiff's Motion and because evidence of the express warranty disclaimers is, nonetheless, of record creating a disputed issue of material fact that precludes summary judgment.

Accordingly, the Court **DECLINES TO ADOPT** that portion of the Magistrate Judge's Findings and Recommendations recommending this Court grant in part Plaintiff's Motion (#65) for Partial Summary Judgment and **ADOPTS** the remainder of the Findings and Recommendation.

Because the Court does not find any other basis for error in Magistrate Judge's Findings and Recommendations, the Court makes the following Order:

1. Plaintiff's Motion (#65) for Partial Summary Judgment is **DENIED** in its entirety, and
2. Defendant John Bean Technologies Corporation's Motion (#28) to Dismiss Plaintiff's Second and Third Claims for Relief (which ultimately was briefed and argued as a Motion for Partial Summary Judgment) also is **DENIED.**

The Court directs the parties to confer and to file for the Magistrate Judge's consideration **no later than February 3, 2012**,

3 - ORDER

a jointly proposed case-management schedule to prepare this matter for trial.

    IT IS SO ORDERED.

    DATED this 23rd day of January, 2012.

                                       /s/ Anna J. Brown

                                       _____
                                       ANNA J. BROWN
                                       United States District Judge